**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Mikkayla and Jimmy King, | |
| Plaintiffs, | Civil Action No.: 1:13-cv-12825 |
| v. | |
| Genesis Lending Services, Inc., | **COMPLAINT** |
| Defendant. | **JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiffs, Mikkayla and Jimmy King, by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiffs, Mikkayla and Jimmy King ("Plaintiffs"), are adult individuals residing in Brighton, Massachusetts, and each is a "person" as defined by 47 U.S.C. § 153(10).

5. Defendant Genesis Lending Services, Inc. ("Genesis"), is an Oregon business entity with an address of 8405 SW Nimbus Avenue, Suite A, Beaverton, Oregon 97008, and is a "person" as defined by 47 U.S.C. § 153(10).

## **FACTS**

6. Within the last four years, Genesis contacted Plaintiffs in an attempt to collect a debt allegedly owed by Plaintiffs.

7. At all times mentioned herein, Genesis contacted Plaintiffs by placing calls to Plaintiffs' cellular telephones, using an automated telephone dialer system ("ATDS") with an artificial or prerecorded voice.

8. Upon answering calls from Genesis, Plaintiffs were met with a prerecorded message stating, "we want to speak to …., if you're not …., please hang up…," and had to wait on the line to be connected to a live representative.

9. Upon information and belief, Plaintiffs never provided their cellular telephone numbers to Genesis and never provided their consent to Genesis to be contacted on their cellular telephones.

10. During live conversations with Genesis on or around December 2012, Plaintiffs requested that Genesis cease placing ATDS calls to their respective cellular telephones. With this request Plaintiffs effectively revoked their consent to receive ATDS calls on their cellular telephones. Accordingly, if at one point Genesis had prior express consent to call Plaintiffs at their cellular numbers, it no longer had consent to call Plaintiffs after having been directed to cease the calls.

11. Nonetheless, Genesis continued to place ATDS calls to the Plaintiffs' cellular telephones.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, *et seq.*

12. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. The Defendant contacted the Plaintiffs by means of automatic telephone calls or prerecorded messages at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

14. Plaintiffs either never provided express consent to Defendant to call their cellular telephone numbers, or Plaintiffs revoked their consent to be contacted by Defendant on their cellular telephones by their demands to cease calling their cellular telephones.

15. Defendant continued to place automatic telephone calls to Plaintiffs' cellular telephones knowing that it lacked consent to call their numbers. As such, each call placed to Plaintiffs was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

16. The telephone numbers called by Defendant were assigned to a cellular telephone service for which Plaintiffs incur charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

17. The calls from Defendant to Plaintiffs were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

18. As a result of each of Defendant's negligent violations of the TCPA, Plaintiffs are entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

19. As a result of each of Defendant's knowing and/or willful violations of the TCPA, Plaintiffs are entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

20. The Plaintiffs incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

22. Massachusetts further recognizes the Plaintiffs' right to be free from invasions of privacy, thus Defendant violated Massachusetts state law.

23. The Defendant intentionally intruded upon Plaintiffs' right to privacy by continually harassing the Plaintiffs with collection calls using an automated telephone dialer system.

24. The telephone calls made by Defendant to the Plaintiffs were so persistent and repeated with such frequency as to be considered, "hounding the plaintiffs," and, "a substantial burden to their existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

25. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

26. As a result of the intrusions and invasions, the Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendant.

27. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray that judgment be entered against Defendant:

1. Statutory damages of $500.00 for each violation pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful or intentional pursuant to 47 U.S.C. § 227(b)(3)(C);

3. Actual damages from Defendants for the all damages including intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

4. Punitive damages; and

5. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: November 7, 2013

Respectfully submitted,

By  */s/ Sergei Lemberg*

Sergei Lemberg (BBO# 650671)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiffs